Robert Park *et al. v.* George D. Bybee.

ROBERT PARK, *et al. v.* GEORGE D. BYBEE.

APPEAL FROM MAGISTRATE AFTER FOUR DAYS FROM JUDGMENT. *Parole-evidence not admissible. It might do to amend.* From the papers the case appears to have been appealed four days after judgment. Motion was made to reinstate the case upon this affidavit of the magistrate. "The appeal was granted in the time allowed by law, according to information and belief, etc."

*Held,* Had application been made to amend, it is doubtful whether this statement ought to have been held sufficient to overturn the entries made at the time of the transaction, but no application was made to amend the Justice's record, nor any facts given in support of the affidavit explanatory of the mistake, etc.; the case was properly dismissed.

Case cited: Dement *v.* Ogee, 7 Hum.

---

FROM WARREN.

---

Appeal from the Circuit Court. N. A. PATTERSON, Judge.

L. B. WATERS and J. G. MOHLER for Park.

W. E. B. JONES for Bybee.

FREEMAN, J., delivered the opinion of the Court.

This case was commenced by original attachment before a Justice of the Peace of Warren county. The writ was levied by garnishment of a debtor of defendant, judgment rendered for plaintiff, and an appeal taken by defendant, as well as garnishee.

The only question necessary to be noticed arises on the action of the Court in dismissing the case, on

Robert Park *et al. v.* George D. Bybee.

the ground that the appeal was not prayed and granted within the two entire days allowed by law for this purpose. The judgment was rendered on the 6th of April, 1868. The entry showing the appeal is dated on the 10th of April (four days after the rendition of judgment); the appeal bond is dated on the 9th of April. It is clear, on the face of the papers, that the case ·was not in the Circuit Court by appeal. After the case had been dismissed, a motion was made to reinstate the case, on the affidavit of the Justice of the Peace that the appeal was granted in the time allowed by law, according to the best of his information and belief, as he states. If there had been an application to amend, it is doubtful whether this statement ought to have been held sufficient to overturn the entries made at the time of the transaction; but, as no application was made to amend the Justice's record, nor any facts given in support of the affidavit, explanatory of how the mistake in the date of bond and appeal occurred, we think this Court can not say the Court below erred in dismissing the case.

The principle of *Dement* v. *Ogee*, 1 Hum., has no application to this case. That was a case of want of jurisdiction of the person, waived by appearance and defence, without objection to jurisdiction. This is a case where the Court had no jurisdiction of the particular case.

The judgment is affirmed.